## T. V. TURNER v. THE TERRITORY OF OKLAHOMA.

(Filed July 17, 1902.)

1. **EVIDENCE IN CRIMINAL TRIAL—Power of Court.** Where evidence is offered by the defendant in the trial of a criminal cause which in any degree tends to support a defense which, if established, would entitle the defendant to an acquittal, it is error for the trial judge to pass upon the sufficiency of such evidence and exclude it from the jury.

2. **SAME.** Where a defendant charged with crime, on the trial of the cause offers testimony for the purpose of raising a reasonable doubt of his sanity at the time of the commission of the crime, it is within the province of the trial judge to determine in the first instance whether the facts offered to be proved would, if established, reasonably justify any inference of the mental unsoundness of the prisoner at the time of the commission of the crime, but he cannot pass upon the weight or sufficiency of such testimony. If it in the least degree tends to support the defense of insanity at the time of the commission of the crime, it is error to exclude it from the consideration of the jury.

3. **SAME.** Paragraph two of the syllabus of the original opinion is modified to conform to the views herein expressed.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before B. F. Burwell, Trial Judge.*

J. A. Powers and J. R. Keaton, for plaintiff in error.

J. C. Strang, Attorney General, for defendant in error.

On rehearing. Reversed and remanded.

Opinion of the court by

BURFORD, C. J.: The original opinion was filed in this case September 5, 1901, and subsequently a rehearing was ordered. It is now contended by counsel for plaintiff in error that this court erred in its application of the law as stated to the facts disclosed by the record.

It is now contended that on the trial of the preliminary motion to determine the right of the prisoner to a jury to pass upon his mental condition at the time of the trial, all the evidence on behalf of the prisoner tending to establish the defense of insanity was not introduced, and that he had other evidence which he intended to offer on the trial of the cause, but which he was prevented from doing by the ruling of the trial court. And our attention is called to that portion of the record where the defendant made the formal offer to "introduce other evidence and testimony upon the question of the mental condition of the defendant as indicated by his conduct, and language, subsequent to the homicide and down to the present time, as indicated by the former question to this witness."

Objection was made to the introduction of this class of testimony on the ground that it was not part of the *res gestae,* and the objection was sustained by the court. The entire record discloses that the court tried the case upon the theory that the conversations, actions and conduct of the prisoner subsequent to the homicide was not admissible in evidence for the purpose of showing his mental condition at the time of the homicide. As stated in the original opinion, such testimony is admissible when preceded by evidence tending to show mental unsoundness prior to or at the time of the homicide, thus strengthening the inference of continuous mental unsoundness. Or in

cases where the evidence of mental unsoundness is of such a character as to indicate insanity to such a degree or of so permanent a nature as to have required a longer period for its development than the interval between the crime and the trial, some discretion must be vested in the trial court to determine the competency of evidence from which mental unsoundness may be inferred. The court must in the first instance determine whether the facts offered to be proved would, if established, reasonably justify any inference of the mental unsoundness of the prisoner at the time of the commission of the offense, but he cannot pass upon the weight or sufficiency of such evidence. These questions are within the sole province of the jury. If the testimony offered tends in the least degree to support the defense of insanity at the time of the commission of the act, it is error to exclude it from the consideration of the jury.

It is not every peculiarity of manner of speech that is the result of insanity; some persons in their normal state of mind have peculiar manners, unusual customs and make use of strange and extraordinary expressions. It is only when the peculiarities of speech and conduct indicate a change in the usual and ordinary manners and language of the particular individual that mental unsoundness may be inferred.

Upon a reconsideration of the whole case, we prefer to give the prisoner the benefit of any doubt in this case.

There was some evidence introduced by the defendant for the purpose of showing mental unsoundness prior to the alleged homicide; the trial court held it competent and admitted it. In view of this fact, we think the court should have admitted the evidence offered by the defendant for the purpose of showing mental unsoundness subsequent to the

homicide, and allowed the jury to determine the question of his mental condition at the time of the homicide.

So much of the former opinion as holds that the court had a right on the trial of the cause before the jury, to base its action in excluding the testimony relating to mental unsoundness subsequent to the homicide, upon its knowledge derived from the testimony received on the preliminary motion, is modified to conform to the views herein expressed.

The order affirming the judgment of the district court of Greer county is set aside and vacated, and it is now ordered that the judgment of the district court of Greer county be reversed, and a new trial ordered, and cause is remanded for further proceedings.

Burwell, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.